IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JERRY LYNN DAVIS,              )
              Petitioner,   )
                            )
                v.           )   Civil Action No. 04-312E
                            )   JUDGE SEAN MCLAUGHLIN
WARDEN JAMES SHERMAN,           )   MAGISTRATE JUDGE BAXTER
                            )
              Respondent.   )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 be dismissed for lack of jurisdiction.

**II.    REPORT**

Petitioner Jerry Lynn Davis is a federal prisoner housed within this district, but serving a sentence imposed by the United States District Court for the Middle District of Florida. Davis was charged with Bank Robbery and Attempted Bank Robbery on May 6, 1999 (18 U.S.C. §2113(a)). He entered a bargained-for plea of guilty on March 7, 2000 pursuant to which the count charging Bank Robbery was dismissed. Davis' was sentenced to 71 months imprisonment and was also ordered, in accord with the plea agreement, to pay restitution in the amount of $10,114.00 (Docket #1, page 2).

Davis filed a motion seeking to modify his sentence in September 2002. Davis sought a modification of the restitution payment schedule. The sentencing court denied this motion on February 24, 2003 (Docket #5, Exhibit B).

Davis next filed, in the sentencing court, a "Writ of Coram Nobis" in September 2004 (Docket #5, Exhibit C). Davis asserted therein that he "was incorrectly ordered to pay restitution, as part of a plea agreement, for losses which occurred in a dismissed count . . .." (Id., page 2). Davis argued that, even though he "plead guilty and agreed to pay restitution" the restitution was not authorized under law and, accordingly, sought to have the order of restitution dismissed on the basis

that the order of restitution violated his Due Process rights (Id.). The sentencing court denied relief on September 14, 2004, finding that "the restitution was properly ordered." (Id., Exhibit D).

Davis now files the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Davis asserts that the propriety of the restitution order is one which cannot be handled through the Bureau of Prisons' administrative process and, accordingly, that § 2241 is available to him as a means of obtaining relief from the sentencing court's order of restitution. The Government has responded to the petition (Docket #5), Davis has filed a reply (Docket #7) and an addendum to his reply (Docket #8) and the petition is now ripe for disposition.

The court's first task is to satisfy itself that it has jurisdiction to address Davis' claim. A challenge to Davis' federal conviction and sentence must be made pursuant to § 2255, and must be filed in the court which imposed the sentence. 28 U.S.C. §2255; Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir.2000) ("Generally, motions to contest the legality of a sentence must be filed under [28 U.S.C.] § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to [28 U.S.C.] § 2241 in the custodial court."). Here, the sentencing court is the United States District Court for the Middle District of Florida. Davis has filed the instant petition in this court because he is incarcerated in this District, and he attempts to style his challenge as one to the conditions of his confinement because the restitution order is, apparently, adversely affecting the terms of his current incarceration on unrelated charges. However, Davis' claim is one which ought to be addressed to the sentencing court. In fact, the sentencing court has **already rejected** the precise claim Davis now raises, i.e., that his sentence of restitution is improper or illegal.[1] Therefore, this court lacks jurisdiction over any claims contesting

---

[1]  Davis argues in his reply that he never challenged the legality of the order of restitution in the Coram Nobis proceeding and, accordingly, that he should not be prevented from raising that claim here. The record, however, conclusively shows that Davis did raise the precise claim presented here in his Coram Nobis proceeding, and that the sentencing court expressly ruled (continued...)

the legality of the federal sentence which Davis is now serving, including challenges to the restitution order imposed, even though Davis is currently serving a federal sentence within this judicial district.

Davis styles this as a petition under § 2241, but there is no allegation in the petition which could arguably be interpreted as a challenge to the conditions of his confinement, or to the execution (as opposed to the propriety) of the federal sentence, which are matters appropriately raised pursuant to 28 U.S.C. §2241 in the district in which the petitioner is incarcerated. See Hernandez, supra; Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir.1997)(motion under § 2241 generally challenges the execution of the federal prisoner's sentence, including such matters as the computation of the sentence, prison disciplinary actions, transfers, and imprisonment conditions). This court lacks jurisdiction to review the claim presented by petitioner.

---

[1](...continued)
on the issue (Docket #5, Exhibits C and D).

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that this Petition for Writ of Habeas Corpus be dismissed for lack of jurisdiction.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

          /s/Susan Paradise Baxter
SUSAN PARADISE BAXTER
UNITED STATES MAGISTRATE JUDGE

Dated: April 11, 2006

cc:     The Honorable Sean J. McLaughlin
       United States District Judge